UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DAVID A. SILVIA,
   Plaintiff,

v.

ACTING DIRECTOR, PROVIDENCE VAMC,
   Defendant.

C.A. No. 18-063-JJM-PAS

ORDER

Mr. David Silvia has brought suit against the Acting Director of the Providence VA Medical Center alleging that the VA discriminated against him in violation of the Americans with Disabilities Act ("ADA").[1] Because this is a proceeding *in forma pauperis*, the Court must screen the Complaint to determine, *inter alia*, if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Mr. Silvia's dispute centers around $1,300 bills he received for ambulance transports to his home early this year. ECF No. 1 at 1; ECF No. 1-1 at 1. It appears that Mr. Silvia did not expect to be billed for this service and that he has been unsuccessful in working it out with the VA directly. *See* ECF No. 1 at 1–2. Mr. Silvia alleges that he cannot pay this bill and that the VA discriminated against him. ECF No. 1 at 1. Although purportedly an ADA suit (ECF No. 1-2), Mr. Silvia repeatedly claims the VA discriminated against him because of his low-income status. ECF No.

---

[1] Mr. Silvia has also filed a motion to proceed *in forma pauperis* (ECF No. 2), which is GRANTED.

1 at 2; ECF No. 1-1 at 2. Mr. Silvia only invokes his disability once, in a letter he wrote to the Acting Director, attached as an addendum to his Complaint. ECF No. 1-1 at 1. However, even this is only in relation to his monetary situation. *See id.; see also id.* at 2 (alleging VA's actions "discriminates to the Veteran with low income").

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable." *Id.* However, post-*Iqbal/Twombly*, a plaintiff's complaint "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A plaintiff must provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Mr. Silvia has alleged no facts that plausibly claim an ADA violation. Fundamentally, Mr. Silvia alleges that the VA is "discriminating" against him because he is indigent. Without more, the Court concludes that the Complaint fails to state a claim upon which relief can be granted. Accordingly, the Complaint is DISMISSED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

February 20, 2018

2